UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRITTANY LAMBERTH,

    Plaintiff,

v.                                      Case No: 8:22-cv-2167-CEH-CPT

ADVANCED MARKETING &
PROCESSING, INC.,

    Defendant.
_____

**ORDER**

This cause comes before the Court upon Plaintiff Brittany Lamberth's Motion to Continue and/or Deny Defendant's Motion for Summary Judgment Pursuant to Rule 56(d) (Doc. 24). In this putative class action, Plaintiff alleges that Defendant Advanced Marketing & Processing, Inc. ("AMP") violated the WARN Act by conducting a plant closing or mass layoff. Defendant has filed a motion for summary judgment asserting that AMP did not terminate enough employees without cause to constitute a mass layoff or plant closing as defined by the WARN Act. Doc. 20.

In her motion, Plaintiff argues that she cannot respond in opposition to summary judgment because she has not received relevant discovery that she requested. Doc. 24. She seeks relief under Federal Rule of Civil Procedure 56(d), which permits the court to defer consideration of a motion for summary judgment when a non-movant demonstrates it cannot present facts essential to opposing it. Defendant opposes the motion, arguing that it has turned over all relevant information that

Plaintiff requested, and that Plaintiff's claim that she requires more information is founded on impermissible speculation. Doc. 28.

Upon review and consideration, and being fully advised in the premises, the Court will grant Plaintiff's motion under Rule 56(d) and deny Defendant's motion for summary judgment, without prejudice, as premature.

Also before the Court is Plaintiff's Motion for Extension of Time to File a Motion for Class Certification (Doc. 27), in which she seeks an extension to July 19, 2023, to move for class certification for similar reasons. The motion indicates that Defendant opposes the relief she seeks. This motion is also due to be granted.

## DISCUSSION

Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering it;
(2) allow time to obtain affidavits or declarations or to take discovery; or
(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). "Vague assertions that additional discovery will produce needed, but unspecified facts fail to meet" the nonmovant's burden under Rule 56(d). *Smedley v. Deutsche Bank Trust Co. Americas*, 676 Fed. App'x 860, 862 (11th Cir. 2017) (citation and quotation omitted). Similarly, the nonmovant cannot rely on "vague and rank speculation." *Bell v. Freeman Decorating Svcs., Inc.*, 6:17-cv-960-GAP-DCI, 2018 WL 7048218, *12 (M.D. Fla. Sept. 10, 2018).

Here, contrary to Defendant's arguments, Plaintiff does not rely solely on "vague assertions" or "rank speculation" in seeking relief under Rule 56(d). Plaintiff has identified specific documents for which she made discovery demands that Defendant has not produced: the underlying source material for Defendant's spreadsheets, including personnel files and payroll data. Plaintiff evidently disputes the accuracy of Defendant's spreadsheets and seeks the source material in order to discredit them. The accuracy of the spreadsheets is highly relevant to the motion for summary judgment, which relies on them to assert that AMP did not terminate enough individuals without cause to qualify as a mass layoff. Defendant does not appear to dispute the fact that it has not turned over the underlying source materials that Plaintiff requested. Accordingly, Plaintiff has identified specific material that Defendant has not produced that bears on the motion for summary judgment.

Whether Plaintiff is entitled to receive this material, or to compel Defendant to produce it, is a separate question that is not before the Court.[1] Plaintiff must act diligently and promptly in pursuing the discovery she believes she needs, with the involvement of the Court if necessary. At this stage, however, Plaintiff has adequately alleged her attempts to obtain the requested materials, which Defendant's response in opposition makes clear it has chosen not to produce. The Court is satisfied that Plaintiff has shown entitlement to relief under Rule 56(d) to allow her an "adequate

---

[1] The Court makes no findings as to whether a motion to compel would be granted.

opportunity for discovery" before responding to the motion for summary judgment. *See Snook v. Tr. Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988).

Moreover, the Court finds that Defendant's motion for summary judgment was filed prematurely. Defendant indicates the parties "agreed to split discovery into two phases" and file dispositive motions on the threshold issue before proceeding to discovery on the remaining issues. Doc. 28 at 3; *see also* Doc. 15 at 4. But the parties did not receive the Court's permission to do so. The Case Management and Scheduling Order does not reflect the parties' proposed bifurcation, *see* Doc. 16, and the parties did not formally move for bifurcation or request a preliminary pretrial conference in order to discuss their preference for bifurcation. Successive, piecemeal motions for summary judgment are disfavored by the Court and may only be filed with the Court's permission. *See*, *e.g.*, *Thomas v. Waste Pro USA, Inc.*, No. 8:17-cv-2254-CEH-CPT, 2019 WL 265182, *2 (M.D. Fla. Jan. 18, 2019) (Honeywell, J.). Therefore, Defendant's motion for summary judgment is due to be denied, without prejudice, as premature, pursuant to Rule 56(d).

In addition, the Court finds that Plaintiff has demonstrated good cause for an extension of her time to move for class certification. As discussed *supra*, she has identified specific materials bearing on class certification issues that are the subject of a discovery dispute that has yet to be resolved. Her motion to extend is therefore due to be granted.

Accordingly, it is **ORDERED**:

1. Plaintiff Brittany Lamberth's Motion to Continue and/or Deny Defendant's Motion for Summary Judgment Pursuant to Rule 56(d) (Doc. 24) is **GRANTED**.

2. Defendant Advanced Marketing & Processing, Inc.'s Motion for Summary Judgment (Doc. 20) is **DENIED without prejudice** as premature.

3. Plaintiff's Motion for Extension of Time to File a Motion for Class Certification (Doc. 27) is **GRANTED**. Plaintiff's deadline to move for class certification is extended to July 19, 2023.

**DONE** and **ORDERED** in Tampa, Florida on May 22, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties